(29 Misc. Rep. 656.)

### FRANCES v. GRAVES.

(Supreme Court, Special Term, Albany County. December, 1899.)

CHANGE OF VENUE—WITNESSES.

　　Where the county to which defendant moved to change the venue contained several more material witnesses than the county where the cause was pending, and was also the place where the transactions occurred, he was entitled to the change.

Action by Charles E. Frances against Hart D. Graves. Motion to change the place of trial. Granted.

Lewis E. Griffith, for plaintiff.

James Flaherty, for defendant.

CHESTER, J. On this motion to change the place of trial from Rensselaer to Steuben county the defendant swears to the materiality of 29 witnesses residing in the latter county, 3 in the adjoining county of Ontario, and 1 in the adjoining county of Yates. The plaintiff shows that he has 17 witnesses residing in Rensselaer county and 3 in the adjoining county of Albany, who are material in support of his case upon the trial. The plaintiff also furnishes an affidavit of interviews with 16 of the alleged witnesses for the defendant, tending to show that they are not in fact material to the defendant's case. As to 8 or 10 of the witnesses so interviewed, it is apparent that their materiality is questionable, but I do not think this is so as to the others. This still leaves the defendant swearing to several more material witnesses than the plaintiff. More than this, all the transactions between the parties took place in Steuben county; and in cases where the witnesses are about equally divided, as here, that fact, under the authorities, should be given much weight in determining the place of trial. Adriance, Platt & Co. v. Coon, 15 App. Div. 92, 44 N. Y. Supp. 288; Bell v. Whithead Bros. Co., 5 App. Div. 555, 39 N. Y. Supp. 434; Payne v. Electric Co., 88 Hun, 250, 34 N. Y. Supp. 657; Smith v. Mack, 70 Hun, 517, 24 N. Y. Supp. 131; Maynard v. Chase (Sup.) 8 N. Y. Supp. 746; Peck v. Parker, 15 Wkly. Dig. 142. It seems to me, therefore, that this motion must be granted, with $10 costs, to abide the event.

Motion granted, with $10 costs, to abide event.

---

### STAIB v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Term. February 23, 1900.)

APPEAL.

　　Where, in an action against a street-car company, defense was supported by testimony of two disinterested witnesses, a judgment for plaintiff will not be held against the weight of evidence where, in addition to her own evidence, she was entitled to the benefit of the presumption arising from failure of defendant to produce its motorman and conductor, who saw the act in question, without sufficient explanation of their absence.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Hattie B. Staib against the Union Railway Company of New York City. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

J. Arthur Hilton, for appellant.
Edward A. Scott, for respondent.

PER CURIAM. We cannot yield to defendant's contention that the judgment for the plaintiff in this action is against the weight of evidence. Although the defense was supported by the testimony of two apparently disinterested witnesses, the plaintiff, in addition to her own evidence, was entitled to the benefit of the presumption arising from the failure of the defendant to produce its motorman and conductor. It is true, the defendant gave testimony tending to excuse their absence; but, if the motorman was sick, as claimed by the defendant, that was ground for an adjournment, and, even though the conductor was out of the jurisdiction of the court, residing in Nassau county, he might have been examined by commission. The trial justice might well have viewed the explanation respecting the absence of these witnesses as entirely unsatisfactory, and under the circumstances we see no reason for disturbing the conclusion reached below.

Judgment affirmed, with costs.