of a preliminary trial, upon the agreement that if the animal proved satisfactory he (defendant) would pay the agreed price. It is conceded that within the period allowed for the trial the mare was accidently killed. The action was tried upon written pleadings, and the complaint sufficiently alleges causes of action in replevin and conversion, and judgment was rendered by the terms of which execution against the person might issue.

It was conceded that plaintiff delivered the mare to the defendant, so that no unlawful taking was established; and the undisputed evidence is that defendant was neither in possession of the property at the time of the demand, nor that he had voluntarily fraudulently or intentionally parted with the same, and consequently could not be chargeable with unlawful detention. Sinnot v. Feiock, 165 N. Y. 444, 59 N. E. 265, 80 Am. St. Rep. 736. The accidental destruction of the property while lawfully in the possession of a defendant is not a conversion. While it may constitute negligence, "the failure to deliver that which is not in being and cannot be delivered furnishes no evidence of an appropriation." Salt Springs Nat. Bank v. Wheeler, 48 N. Y. 492, 8 Am. Rep. 564. Irrespective of the character of the judgment rendered, the record conclusively shows that the question of negligence was not litigated, the learned trial justice having stated:

"All the plaintiff has to make is a demand, which is conceded, and he makes out a cause of action in conversion."

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(54 Misc. 562)

### LINSLEY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 6, 1907.)

TRIAL—INSTRUCTIONS—WITNESSES—FAILURE TO PRODUCE.

Plaintiff was injured while alighting from defendant's street car, and testified that the car was started while he was alighting, while defendant claimed that he attempted to get off after the car had started. Defendant did not produce the conductor as a witness, but defendant produced its investigator, whose duty it was to subpœna witnesses, who testified to his efforts to subpœna the conductor, which were unsuccessful. Held, that it was proper to charge that it was for the jury to say whether defendant's efforts to obtain the conductor were reasonable, so as to overcome the inference that, if present, he would testify against defendant, though the jury was not bound to indulge such inference.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 505.]

Appeal from City Court of New York, Trial Term.

Action by Henry G. Linsley against the New York City Railway Company. From a judgment of the New York City Court in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Henry A. Robinson (Bayard H. Ames, of counsel), for appellant.
Joseph H. Radigan, for respondent.

GILDERSLEEVE, P. J.   The action is for personal injuries. Plaintiff was a passenger on defendant's car.   Plaintiff's version of the accident is as follows, viz.:   When the defendant's car had come to a full stop at the south crossing of Eighty-Second street and Columbus avenue, in response to plaintiff's signal to the conductor to stop the car, plaintiff started to get off said car from the back platform; but before he had had time to do so, and while he had one foot on the bottom step and was in the very act of getting off, the conductor rang the bell from the back platform, and the car started up and threw the plaintiff into the street, thereby causing the injuries complained of.   He is corroborated by his sister, who was with him.   The jury allowed plaintiff $550 damages.   Defendant appeals.

The defendant's theory of the case, as shown by its evidence is that plaintiff was injured while attempting to alight from a moving car after it had started up from the south side of Eighty-Second street and Columbus avenue, where it had stopped to let plaintiff's sister get off. The conductor was not called as a witness; but defendant's investigator, who had, apparently, charge of subpœnaing witnesses for defendant, states in detail the unsuccessful efforts which he made to find the said conductor.   The court, on the subject of the absence of this conductor from the trial, instructed the jury as follows:

"In this case the conductor is not produced as a witness. The defendant, however, has shown by a witness what endeavors it has made to procure the conductor; and it is for you to say from the evidence whether such efforts were reasonable or not, because, if you find from the evidence that no reasonable efforts were made to produce a witness who might have shed light on the subject, ·you would have a right to infer that that witness, if produced, would testify against the party that failed to call him.   That does not mean that you must draw that inference; but, if you find no reasonable efforts were made to secure the attendance of the conductor, you would have the right to draw such an inference.   But you, gentlemen, have heard the testimony on that particular point, as to whether or not sufficient efforts were made to obtain his presence."

Defendant's counsel at the close of the charge, said:

"May I except to that portion of your honor's charge where you said, if they [the jury] find that defendant failed to make reasonable efforts to produce the conductor in this action, they may indulge in the inference that his testimony would be against the defendant."

To this the court replied:

"I did not say that they 'must' infer.   I said they 'might' infer. * * * The jury has a right to say whether the defendant made diligent or reasonable efforts to procure his attendance.   If they did so, that is all that can be asked of them."

The appellant's counsel urges that the above instruction was erroneous, as the jury could draw no inference from the failure of defendant to call a witness, unless it appeared that such witness was available and had better or other knowledge of the facts in dispute than had those who testified to them and that the evidence would not have been merely cumulative.   In the case at bar the jury could judge of the availability of the conductor from the testimony of the investigator.

One Cassidy, a passenger on the car, is the only actual witness to the accident produced by defendant.   This witness swears that he was

standing at the conductor's side on the rear platform, talking with him, when plaintiff's sister signaled to the conductor to stop the car; that the car stopped, and she got off; that then the car started again; and that plaintiff came out of the car and jumped off after the car had started. It seems to us that the conductor had better knowledge of the facts, and that the testimony of the conductor, while it might have corroborated the evidence of Cassidy, could not be regarded as merely cumulative. He was in charge of the car, he was on the rear platform at the time of the accident, it was he who rang the bell for the car to start, and it was peculiarly within his knowledge whether or not he saw plaintiff attempting to alight when he gave the signal for the car to start, and he was in the best position to know the exact truth. In Hicks v. Nassau Electric Railway Co., 47 App. Div. 479, 62 N. Y. Supp. 597, the learned court said:

"It is a familiar doctrine that the failure of an employer to call a witness who was in his employ at the time of the accident, and is presumed to be friendly and have some knowledge of the accident, without any attempt to explain the reason of the failure, raises a strong presumption that the testimony of the employé would be damaging to such party"—citing Gordon v. People, 33 N. Y. 501; Schwier v. N. Y. C. & H. R. R. Co., 90 N. Y. 558.

In the light of the statement to the jury by the learned trial justice that, if diligent and reasonable efforts to procure the attendance of the conductor were made by the defendant, that is all that can be asked of them, we are of the opinion that the defendant was not prejudiced by the instruction to the jury under consideration. In Staib v. Union Ry. Co., 30 Misc. Rep. 777, 62 N. Y. Supp. 755, an action to recover damages for personal injuries arising from the alleged negligence of the defendant, this court held that:

"The plaintiff, in addition to her own evidence, was entitled to the benefit of the presumption arising from the failure of the defendant to produce its motorman and conductor."

The defendant in the Staib Case had given testimony tending to excuse the absence of the motorman and conductor, and in affirming the case this court stated that:

"The trial justice might well have viewed the absence of these witnesses as entirely unsatisfactory."

The rulings on the admissibility of evidence do not present any error of such weight as to call for discussion. There is abundant testimony to sustain the verdict, and the judgment and order appealed from must be affirmed, with costs.

Judgment and order affirmed, with costs.

FITZGERALD, J., concurs in result. GOFF, J., concurs.