AT THE

OCTOBER TERM, 1902.

---

## DELIA BEAUVAIS v. CITY OF ST. LOUIS, Appellant.

Division One, October 14, 1902,

1. **Negligence:** DEFECTIVE SIDEWALK: NOTICE: "ONLY A FEW HOURS": NON-PREJUDICIAL. An instruction to the effect that "the existence for only a few hours" of a defect in a sidewalk in a public street in a thickly inhabited part of the city, "might justify the jury in the inference of knowledge on the part of the city of such defect," is not to be condemned. Especially is it not error if the defendant shows by its own witnesses that it had actual notice nine days before the accident, and the issue at the trial was not the sufficiency of the notice, but the extent to which the walk was out of repair.

2. ————: INSTRUCTION: "ACCIDENT OR MISCHANCE." An instruction excusing the defendant for personal injuries if they were due to "accident, mischance or misadventure," is not applicable where the accident was caused either by the defect in the sidewalk, or by that and the negligence of the plaintiff contributing.

3. ————: KNOWLEDGE OF DEFECT. The knowledge of a pedestrian that a defect exists in the sidewalk does not necessarily convert his use of it into contributory negligence. If the defect appears to be such that it may be used without danger by a person exercising that degree of care that a reasonably prudent person under these conditions would ordinarily use, it is not negligence to so use it. Such knowledge is a fact bearing on the issue, but is not conclusive.

Beauvais v. City of St. Louis.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz,* Judge.

AFFIRMED.

*Chas. W. Bates* and *Carl Ungar* for appellant.

(1) The demurrer offered by appellant at the close of respondent's evidence should have been sustained by the trial court, since no witness for plaintiff was able to prove that the sidewalk had been unsafe previous to November 11, 1899, for any length of time sufficient to charge appellant with notice, and there was no testimony to show that the city had notice of any defect in the walk, and respondent's testimony showed that playing children would remove bricks off the walk, sometimes replacing them, and at other times omitting to do so, but that workmen had been sent there, and were seen to replace those bricks. A police sergeant of the city found the walk in safe condition the very day preceding the accident. As to reasonable notice. Franke v. St. Louis, 110 Mo. 542; Barr v. Kansas City, 105 Mo. 550; Badgley v. St. Louis, 149 Mo. 122; Young v. Webb City, 150 Mo. 333; Richardson v. City, 73 Mo. App. 360; Dillon's Mun. Corp., sec. 1025; Rogers v. City of Williamsport, 49 Atl. 293, 6 Mun. Corp. Cas. 763. (2) The petition alleges that several weeks prior to the accident, the city had permitted the sidewalk to get out of repair, and broken and uneven and dangerous to pedestrians. Also that for many weeks said condition had existed, and for many weeks the city of St. Louis negligently and carelessly permitted it to become broken and remain broken and uneven, and out of repair, and dangerous to pedestrians walking thereon. Notwithstanding this pleading, instruction 2, given on plaintiff's behalf, informs the jury that "the existence of such a defect for only a few hours might justify the jury in the inference of knowledge

on the part of the city of such defect." Instruction 2, further-more, simply contains an abstract proposition of law, is argu-mentative, and leaves it to the jury to apply facts unaided, and should not have been given. Hoepper v. Southern Hotel Co., 142 Mo. 378; Bonine v. City of Richmond, 75 Mo. 437. Instructions should "announce a correct proposition of law, applicable to the facts of the case." Yore v. Transfer Co., 147 Mo. 687.

*Gilliam & Smith* for respondent.

(1) There was no contributory negligence. Defendant, by its first, third and fourth instructions, submitted this question to the jury and the jury decided the facts against it. Smith v. St. Joseph, 45 Mo. 449; Harper v. Railroad, 70 Mo. App. 604; Rusher v. City of Aurora, 71 Mo. App. 418; Waltemeyer v. Kansas City, 71 Mo. App. 354; Boulton v. City of Columbia, 71 Mo. App. 519; Stevens v. Walpole, 76 Mo. App. 213; Chilton v. St. Joseph, 143 Mo. 192; Nixon v. Railroad, 141 Mo. 425; Graney v. St. Louis, 141 Mo. 180; Wiggin v. St. Louis, 135 Mo. 558; Flynn v. Neosho, 114 Mo. 567; Barr v. Kansas City, 105 Mo. 550; Maus v. Spring-field, 101 Mo. 613; Loewer v. Sedalia, 77 Mo. 431; Buesch-ing v. Gas Light Co., 73 Mo. 219; Madison v. Railroad, 60 Mo. App. 599; Lyons v. City of Red Wing, 78 N. W. 868; Mellor v. Bridgeport, 191 Pa. St. 562. (2) Defendant's own evidence showed actual knowledge of defects in the sidewalk, as the sidewalk inspector and the policemen were agents and officers of the city. Carrington v. St. Louis, 89 Mo. 208; State ex rel. v. Walbridge, 153 Mo. 194; St. Louis Police Act, Laws 1899, p. 51, sec. 25; Rehberg v. New York, 91 N. Y. 137; Twogood v. New York, 102 N. Y. 216; Good-fellow v. New York, 100 N. Y. 15; Hinckley v. Somerset, 145 Mass. 326; Cummings v. Hartford, 70 Conn. 115; Co-lumbus v. Ogletree, 102 Ga. 293; Farley v. New York, 152

N. Y. 222; McGaffigan v. Boston, 149 Mass. 289.    (3) The
plaintiff's instructions were correct.    Carrington v. St. Louis,
supra; Walker v. City of Kansas, 99 Mo. 647; Roe v. City of
Kansas, 100 Mo. 190; Young v. Webb City, 150 Mo. 333;
McKissick v. St. Louis, 154 Mo. 588; McGaffigan v. Boston,
149 Mass. 289; Harriman v. Boston, 114 Mass. 241; Howe
v. City of Lowell, 101 Mass. 99; Blood v. Hubbardston, 121
Mass. 233; Franke v. St. Louis, 110 Mo. 522; 2 Shearman
& Redfield on Negligence, sec. 369; Parsons v. Manchester,
67 N. H. 163; Neuert v. Boston, 120 Mass. 338; Moon v.
Ionia, 81 Mich. 635; Burns v. City of Emporia, 65 Pac.
260; Mooney v. Luzerne, 186 Pa. St. 161; Bourget v. Cam-
bridge, 156 Mass. 391; Graham v. Boston, 156 Mass. 75.

VALLIANT, J.—Appeal from a judgment for plaintiff
for $600 damages for personal injuries sustained in falling
on a sidewalk, alleged to have been out of repair and negli-
gently suffered by defendant to remain so.    Besides a general
denial in the answer, there was a plea of contributory negli-
gence.

The testimony for plaintiff tended to show that the side-
walk on which she fell was in a public street in a thickly
inhabited part of the city; that it was constructed of brick,
and that for several weeks prior to and at the time of the
accident there was a hole in the pavement caused by the
removal of some of the brick, and there were some loose
bricks and some displaced lying on the sidewalk; that about
half past eight or nine o'clock in the evening of November
11, 1899, the plaintiff was walking along the sidewalk where
it was dark and she could not see, but observing ordinary care
she stumbled over the loose bricks, fell and received serious
personal injuries; that she was in the habit of passing over
this sidewalk and knew that it was in bad condition.

On cross-examination she testified:

"Q.    How came you to stumble there if you knew it so

well? Why did you not walk out of the way? A. I got on it before I knew it.

"Q. You had at least eight feet clear? 'A. No, sir:

"Q. You got on it before you knew it? A. Of course I struck that part of it."

On the part of defendant the evidence tended to show that the inspector of sidewalks observed that this sidewalk was out of repair in September, 1898, and gave orders to the city contractor to repair it. On November 2, 1899 (a few days before the accident), the inspector again inspected the sidewalk and then observed that there were some loose bricks near the building line extending not more than eighteen inches over the sidewalk, but did not report it as dangerous until after the accident, since which it has been filled with cinders. The evidence for defendant, consisting chiefly of testimony of police officers on that beat, tended further to show that whilst the sidewalk had for sometime been a little out of repair, yet it was not by any means as much so as the plaintiff's evidence tended to show.

The case was given to the jury under instructions for both plaintiff and defendant, which covered every point and which are unchallenged except in the particulars presently noted. The only instruction given that is complained of is as follows:

"The jury are instructed, if they believe from the evidence that a defect existed in the sidewalk in question on the 11th day of November, 1899, that as to what length of time would be required to justify the inference of the knowledge of such defect by the city of St. Louis there is no fixed or definite rule, and each case must depend upon the facts and circumstances attending it. Thus, if the jury believe from the evidence that Rutger street at the point in question was a street much traveled and in use, the duty of the city in looking after its condition required greater diligence in seeing that it was reasonably safe for travel than if

it had been but little used.    And in a much-traveled street, if a defect existed which the jury believe from the evidence was easily to be seen, the existence of such a defect for only a few hours might justify the jury in the inference of knowledge on the part of the city of such defect, or that by reasonable diligence it could have acquired such knowledge in time to have repaired it before the accident.    Much depends upon the surroundings, and what might be negligence in not knowing of a dangerous condition of a sidewalk at one locality in the city would not be at another, and the jury are to determine the fact of whether or not negligence on the part of the city existed in this case from the facts and circumstances they believe the evidence herein shows."

The criticism of this instruction is in the use of the words "for only a few hours," indicating that the city under some circumstances might be charged with notice of a defect that existed only a few hours or a fraction of one day.    We think that instruction presents the law correctly.    A defect might occur when and where the city would be required to be on the watch, and if so would be chargeable with notice of what it would have known if it had been doing its duty.    But if the instruction had not been correct it was on a point which could not possibly have prejudiced the city's defense.    The defendant's testimony showed more clearly than that of the plaintiff that the city had actual notice that this sidewalk was out of repair at least nine days before the accident.    The only point in reference to the defect on which the testimony of plaintiff and that of defendant materially differed was the degree to which the sidewalk was out of repair.    That it was out of repair and that the city officers had known it for several weeks, appears from their own evidence.

Defendant asked an instruction in the nature of a demurrer to the evidence which was refused, and it is now insisted in the brief for appellant that this should have been given because there was no evidence that the defect had

existed long enough to imply notice to the city and time in which to make the repairs. The testimony of the street inspector himself and that of the police officers afford ample evidence on this point.

Defendant also complains of the refusal of this instruction: "If the jury believe and find from the evidence that the injuries sustained by plaintiff were caused by accident, mischance or misadventure, and without the negligence of either said plaintiff or defendant, then the plaintiff is not entitled to recover and the verdict must be for defendant."

An instruction of that kind is sometimes applicable to a case in which the cause of the accident is involved in so much doubt that it can not be ascertained with reasonable certainty that it is attributable to the negligence of either party, but it has no application to the facts of this case. This accident was caused either by the defect in the sidewalk alone, or by that and the negligence of the plaintiff contributing, and on those points the jury had ample instructions.

The knowledge of a pedestrian that a defect exists in the sidewalk does not necessarily convert his use of it into negligence on his part. If the defect appears to be such that it may be used without danger by a person exercising that degree of care that a reasonably prudent man under those conditions would ordinarily use, it is not negligence to so use it. Such knowledge is a fact bearing on the issue but is not conclusive. [Smith v. St. Joseph, 45 Mo. 449; Graney v. St. Louis, 141 Mo. 180; Chilton v. St. Joseph, 143 Mo. 192; Womach v. St. Joseph, 168 Mo. 236.]

We discover no error in the record and the judgment is affirmed. All concur.