JOSEPHINE JOHNSTON, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St Louis Court of Appeals, July 12, 1910.

1. CARRIERS OF PASSENGERS: Railroads: Carriage of Passengers: Vestibuled Train: Care Required. While railroad companies need not provide vestibuled trains for passengers, if they do, they must exercise high care to keep them reasonably safe, and must exercise high care to keep the doors closed and traps on the platform in place while en route, and a passenger, without knowledge to the contrary, may conduct himself as though the carrier had fully performed such duty.

2. ———: ———: ———: ———: Action for Death of Passenger: Evidence: Withholding Evidence: Presumption. In an action against a railroad company for the death of a passenger, who was alleged to have fallen through the door of an open vestibule on the car in which he was riding, the fact that the porter, whose duty it was to see that the vestibules were closed, was not called upon to testify either at the trial or by deposition raises a strong presumption that his testimony would not have been favorable to defendant.

3. ———: ———: ———: ———: ———: Sufficiency of Evidence. In an action against a railroad company for the death of a passenger, who was alleged to have fallen through the door of an open vestibule on the car in which he was riding, evidence *held* to warrant a finding by the jury that the door of the vestibule was open and that defendant was negligent in permitting it to remain open.

4. NEGLIGENCE: Proximate Cause: Evidence: Inferences. Where the inference of negligence from other facts is relied on, such inference must be more consistent with the negligence of defendant being the cause of the injury than with some cause for which it is not responsible; but it need not be inconsistent with any other hypothesis.

5. ———: ———: ———: ———. To prove that defendant's negligence was the proximate cause of the injury, it is not necessary to produce eyewitnesses in every instance, but the circumstances of the situation are sufficient, if they fairly suggest that defendant's negligence operated proximately to produce the hurt, according to the known experience of men in such matters.

Johnston v. Railroad.

6. ———: ———: Conjecture. The jury may not resort to guess-work and conjecture in determining whether or not the negligence alleged was the proximate cause of the injury.

7. EVIDENCE: Motives, Feelings and Natural Instincts. To reckon with facts and circumstances in the light of human experience, is to deduce therefrom such conclusions as common sense and sound reason dictate according to the affairs of life; and in all questions touching the conduct of men, motives, feelings and natural instincts are allowed to have their weight and to constitute evidence for the consideration of courts and juries.

8. EVIDENCE: Suicide: Presumption. There is no presumption' of suicide, the natural instinct to avoid injury and preserve life being of itself an element of evidence to the contrary; the presumption being, in the absence of evidence, that every person exercises ordinary care for his own safety.

9. CARRIERS OF PASSENGERS: Railroads: Action for Death of Passenger: Evidence: Suicide: Presumption. In an action against a railroad company for the death of a passenger, alleged to have been caused by his falling through the open door of a vestibule on a car in which he was riding, where it appears deceased was a man thirty-six years of age, possessed of a vigorous constitution and sound health and that he was in good spirits and was en route home to his family after an absence of several weeks, and there were no circumstances indicating he was inclined to self-destruction, and it is obvious that he came to his death by being hurled from the car through an open vestibule door, the conclusion that he committed suicide is so highly improbable as to be unreasonable.

10. NEGLIGENCE: Proximate Cause: Testimony to be Considered in Most Favorable Light. In determining whether or not the negligence complained of was the proximate cause of the injuries sustained, it is the duty of the court to accord plaintiff the most favorable view of the testimony.

11. NEGLIGENCE: Evidence: Presumption. Unless the contrary is made to appear, it is conclusively presumed that every person conducts himself with ordinary care for his own safety.

12. CARRIERS OF PASSENGERS: Railroads: Action for Death of Passenger: Proximate Cause: Contributory Negligence: Suicide. In an action against a railroad company for the death of a passenger, alleged to have been caused by his falling through an open door of the vestibule on the car in which he was riding, it is *held* that the facts and circumstances in evidence suggests that deceased did not purposely hurl himself to destruction, but instead fell through the open door without

150 App.—20

fault on his part, and that the only reasonably probable theory is, that defendant's negligence was the proximate cause of the injury.

13. DAMAGES: **Action** for Death: Expectancy of Life and Earning Capacity **of** Deceased: Evidence: Instructions. In **an** action by a **widow** for the death of her husband, alleged to have been **caused** by his falling through an open vestibule **on** the railroad **car in** which he was riding, evidence concerning the expectancy **of** life of deceased and of his occupation **and** earning capacity was competent, and an instruction including these as elements of damages was proper.

·14. ———: ———: Measure of Damages: Instructions. In an action by a wife for the death of her husband, an instruction told the jury that in assessing damages they might consider his age, probable expectancy of life, occupation, ability to labor and accustomed earnings prior to his death. Another instruction told the jury they might allow plaintiff not less than $2000 nor more than $10,000, as they believed from the evidence would fairly and reasonably compensate her for the death and loss of her husband. *Held*, that the two instructions considered together were sufficient, for by the latter the jury were directed plaintiff could be awarded such sum only as would fairly and reasonably compensate her for the loss of her husband, while the former merely informed them that the elements of damages therein referred to might be properly considered, the second instruction mentioned operating as a limitation upon the other.

15. ———: ———: ———: ———: Necessity of Asking Limiting Instruction. In such a case, where the instructions on the measure of damages were not erroneous in their general scope, if defendant desired further limitations, it should have made a request to the court to that effect.

16. NEGLIGENCE: Instructions: Omitting Reference to Contributory Negligence: Covered by Other Instructions. The fact that an instruction authorizing a recovery for negligence omits to require the jury to find that the injured person was not negligent for his own safety is not error, provided that question was properly submitted in other instructions.

17. CARRIERS OF PASSENGERS: Railroads: Action for Death of Passenger: Instructions: Submitting Contributory Negligence. In an action for the death of a passenger, who fell at night through the door of an open vestibule on the car in which he was riding, the court instructed that to find for plaintiff, the jury must find defendant's negligence in leaving the door open was the proximate cause of decedent's injuries and consequent death, and that if the fall and consequent death was the natural and probable result of defendant's negligence, and

the injuries would not have been received but for that, such negligence was the proximate cause of the injuries. Defendant objected on the ground that it stated that the open door was the proximate cause of the injury, notwithstanding contributory negligence based on evidence of lights burning in the vestibule. On this question, the court instructed that though the train on which decedent was riding was a vestibuled train, and the doors were open at the time of the accident, yet if there was light therein sufficient to enable him by the exercise of ordinary care to see that the doors were open and the danger was apparent to him, plaintiff could not recover, though decedent fell through the open door. *Held,* that the latter instruction was more favorable to defendant than the law warrants and that it submitted the question pertaining to the lights in the vestibule and decedent's negligence thereunder, so that the omission of this question from plaintiff's instruction was not error.

18. ———: ———: ———: **Contributory Negligence.** In an action for the death of a passenger, who fell through the door of an open vestibule on the car in which he was riding, the mere fact that the danger was apparent or that he knew of it is not of itself sufficient to authorize a verdict for defendant on the score of contributory negligence, unless he omitted to conduct himself with that degree of care usually exercised by an ordinarily prudent person in the same circumstances.

Appeal from Franklin Circuit Court.—*Hon. R. S. Ryors,* Judge.

AFFIRMED.

*W. F. Evans* and *Mann, Johnson & Todd* for appellant.

(1) If the injury may have resulted from one of the two causes, for one of which and not the other, the defendant is liable, the plaintiff must show with reasonable certainty that the cause for which the defendant is liable produced the result, and if the evidence leaves it to conjecture, the plaintiff must fail in this action. Warner v. Railroad, 178 Mo. 125; Browning v. Railroad, 106 Mo. App. 729; Goransson v. Mfg. Co., 186 Mo. 300; McGrath v. Transit Co., 197 Mo. 97; Pur-

cell v. Shoe Co., 187 Mo. 276; Caudle v. Kirkbridge, 117 Mo. App. 412. (2) Plaintiff's evidence showed that the vestibule of the car was amply light at the time of the alleged accident; that the deceased had good eyesight; that if the vestibule door was open at the time he could easily have seen that it was open. · Under this state of facts, the court should have decided as a matter of law, upon plaintiff's own showing, that she could not recover, and it was error to submit the case to the jury. Davis v. Railroad, 159 Mo. 1; Loring v. Railroad, 128 Mo. 359; Evans v. Railroad, 178 Mo. 508; Clancy v. Transit Co., 192 Mo. 615; McGrath v. Transit Co., 197 Mo. 97; Brockschmidt v. Railroad, 205 Mo. 435. (3) Instruction number four given on behalf of plaintiff is in conflict with the instruction given on behalf of defendant. Where two separate instructions are directly in conflict, the fact that one is correct does not cure the other, since the court cannot say by which instruction the jury was guided. Sheperd v. Transit Co., 189 Mo. 362; Porter v. Railroad, 199 Mo. 82; Hamilton v. Railroad, 114 Mo. App. 504; Oil Co. v. Drug Co., 74 Mo. App. 446. (4) Instruction number four given on behalf of plaintiff was erroneous, for the further reason that it closed by telling the jury that if said injuries would not have been received by plaintiff (deceased) but for said negligence, then said negligence was the proximate cause of the injury to deceased, and his consequent death. Moffatt · Com. Co. v. Railroad, 113 Mo. App. 544; Lamar Mfg. Co. v. Railroad, 117 Mo. App. 453; Porter v. Railroad, 199 Mo. 97; Warner v. Railroad, 178 Mo. 134. (5) Instruction number five given at the request of plaintiff was erroneous, in that the court practically tells the jury that if there is evidence in the case from which they can fairly and reasonably infer that said vestibule doors were permitted to stand open and that the deceased fell through same on defendant's right of way, then the jury are bound to draw that inference. Copp v. Hardy, 32 Mo. App. 593; Winter v. Sup. Lodge K. of

P., 96 Mo. App. 1. (6) Instructions numbers 2 and 3, given at the request of plaintiff, are erroneous, in that they give to the jury an erroneous measure of damages; that is, they tell the jury that they may take into consideration the age of deceased, his probable expectancy of life, his occupation, his ability to labor, and his accustomed earnings, but they fail to tell the jury that they should take into consideration the one point which is all important, that is, the amount which plaintiff lost by reason of the death of deceased, i. e., the amount he contributed to her support. Knight v. Lead & Zinc Co., 75 Mo. App. 541.

*Silver & Dumm* and *J. W. Booth,* for respondent.

(1) It was a question for the determination of the jury whether or not permitting the vestibule doors of the car to remain open while the train was in motion was an act of negligence on defendant's part. Wagoner v. Railroad, 118 Mo. App. 239; Railroad v. Oliver, 123 S. W. Rep. 662 (Sup. Ct. Ark., decided December 6, 1909); Bronson v. Oakes, 76 Fed. Rep. 735; Crandall v. Railroad, 96 Minn. 434; 2 Shearman & Redfield on Negligence (5 Ed.), sec. 524; 4 Elliott on Railroads (2 Ed.), sec. 1509a. (2) It was also a question for the jury under the evidence whether the vestibule doors of the smoker were open when deceased left the train and whether he fell through the open door, and thereby met his death. Younge v. Railroad, 133 Mo. App. 141; Buesching v. Gas Light Co., 73 Mo. 219; Schultz v. Moon, 33 Mo. App. 329; Leeright v. Ahrens, 60 Mo. App. 118; Soeder v. Railroad, 100 Mo. 673; Railroad v. McDade, 191 U. S. 64. Where a status or condition is shown to exist, it will be presumed to continue until the contrary is shown. Cargill v. Wood, 63 Mo. 501; Diel v. Stegner, 56 Mo. App. 535. The defendant did not produce as a witness, Reed, the colored porter on its porter on its train, who was shortly before the trial in

its service and who presumably knew whether or not the vestibule doors were permitted to remain open, nor did defendant offer any explanation of its failure to have said witness at the trial.   The foregoing facts raised a strong presumption that the evidence of the porter would have been damaging to defendant.   Tinsley v. Railroad, 104 N. Y. Supp. 916; Hicks v. Railroad, 62 N. Y. Supp. 597; Schiner v. Railroad, 90 N. Y. 558; Railroad v. Wall, 75 Ga. 282; Railroad v. Darnell, 68 N. E. Rep. 609 (Ind.); Peltz v. Eichele, 62 Mo. 171; Blatch v. Archer, 1 Cowper 63 (Lord Mansfield).   The presumption that deceased did not commit suicide or intend self-destruction obtains in the absence of evidence to the contrary, as is the case here.   Buesching v. Gas Light Co., 73 Mo. 219; Meadows v. Ins. Co., 129 Mo. 76; Smiley v. Railroad, 160 Mo. 636.   It was sufficient for plaintiff in making out her *prima facie* case to prove circumstances which indicated that the fall of the deceased from the train might be ascribed with *reasonable probability* to the causes stated in the petition.   Youngue v. Railroad, 133 Mo. App. 149.   See, also, Cambron v. Railroad, 165 Mo. 543; Lead Co. v. Railroad, 123 Mo. App. 402; Winter v. Sup. Lodge, 96 Mo. App. 13; Marshall v. Ins. Co., 43 Mo. 586; Banking Co. v. Blell, 57 Mo. App. 410; Duerst v. Stamping Co., 163 Mo. 607; Dakan v. Mercantile Co., 197 Mo. 238; Chemical Co. v. Lime Co., 85 Mo. App. 667; Anderson v. Railroad, 196 Mo. 443; Knapp v. Hanley, 108 Mo. App. 353; Weiler v. Railroad, 6 N. Y. Supp. 322; Kern v. Snider, 145 Fed. Rep. 329; Conner v. Railroad, 181 Mo. 411; Root v. Railroad, 195 Mo. 350; People v. Donohue, 100 N. Y. Supp. 202; Tayson v. Wilson, 37 Mo. App. 640; 1 Greenleaf Ev., sec. 1. (3)   The evidence being conflicting on the question whether or not the vestibule of the smoker was lighted, that issue was one for the jury.   Buesching v. Gas Light Co., 73 Mo. 219; Frick v. Railroad, 74 Mo. 595.   Nor would the fact that the vestibule platform was lighted so that deceased could see that the vestibule doors were

open, necessarily preclude plaintiff's recovery in this case as a matter of law. City of Naples, 32 U. S. Ct. of App. 613; Anderson v. Railroad, 161 Mo. 429; Buesching v. Gas Light Co., 73 Mo. 232. Besides, the defendant having asked, by an instruction given at its request, the judgment of the jury on the sufficiency of the light in the vestibule platform of the car and on that feature of the case, cannot now be heard to complain that such issue was submitted to the jurors. Berkson v. Cable Co., 144 Mo. 212; Gayle v. Foundry Co., 177 Mo. 426. (4) Nor is there any basis for the contention that instruction number 4, given for plaintiff is inconsistent with the one given for defendant in the matter of light on the vestibule platform of the car in question. Defendant's answer consisted merely of a general denial; it did not interpose any defense to the effect that the platform was sufficiently lighted for deceased to see the open door, and that for that reason deceased was guilty of contributory negligence in going out on the platform and falling through the open door, which precluded plaintiff's recovery as a matter of law. Contributory negligence should be pleaded to be available as a defense. Wise v. Transit Co., 198 Mo. 546, p. 558. The instruction as asked by defendants and as given did not correctly state the law, for the mere fact that there was sufficient light on the platform to enable deceased to see that the vestibule door was open, did not preclude plaintiff's recovery in this case regardless of the question of fact whether or not deceased was at the time using ordinary care and of all the other circumstances in evidence. Buesching v. Gas Light Co., 73 Mo. 232; Anderson v. Railroad, 161 Mo. 429. Appellant cannot profit by an erroneous instruction given in its behalf, however inconsistent it may be with a proper instruction given for respondent. Sprague v. Sea, 152 Mo. 327; Reardon v. Railroad, 114 Mo. 385. It is now the established rule in this state that in actions for injuries caused by negligence, an instruction is not erroneous

which authorizes a recovery on the facts mentioned in it, without reference to plaintiff's contributory negligence where the latter is submitted to the jurors in a separate instruction. Owens v. Railroad, 95 Mo. 169; Hughes v. Railroad, 127 Mo. 447; Lange v. Railroad, 208 Mo. 458; Meily v. Railroad, 215 Mo. 567; Mathew v. Railroad, 115 Mo. App. 468. (5) Instruction number 5, given at plaintiff's request, properly stated the law, and the objections made to it by defendant are not well taken. Settle v. Railroad, 127 Mo. 336; Yongue v. Railroad, 133 Mo. App. 141. (6) Plaintiff's first instruction stated the law correctly as to the measure of care required of defendant as a common carrier of passengers. Furnish v. Railroad, 102 Mo. 438; Sweeney v. Cable Co., 150 Mo. 401; Mathew v. Railroad, 115 Mo. App. 468. The definition of proximate cause in plaintiff's instruction number 4 is not erroneous. Dean v. Railroad, 199 Mo. 411; Hoepper v. Hotel Co., 142 Mo. 378; Harrison v. Light Co., 195 Mo. 629. Plaintiff's instruction number 3 on the matter of damages is not erroneous. Railroad v. Clarke, 152 U. S. 230. Besides, if defendant wished other or more specific instructions on said question, it should have asked for the same. Forrester v. Railroad, 116 Mo. App. 37; Wilson v. Railroad, 122 Mo. App. 668; Browning v. Railroad, 124 Mo. 56; Marion v. Railroad, 124 Mo. 445. Again, it is clear from the amount of the verdict that the instruction (No. 3 given for plaintiff) did the defendant no harm. A judgment will be reversed only for material and prejudicial error. R. S. 1899, sec. 865; State, etc., v. Branch, 151 Mo. 622; Soeder v. Railroad, 100 Mo. 682; Railroad v. Oliver, 123 S. W. Rep. 663. (7) There was no error committed by the trial court in permitting the number and ages of plaintiff's infant children to be shown on the trial. Thorpe v. Railroad, 98 Mo. 74; Soeder v. Railroad, 100 Mo. 674; Fisher v. Lead Co., 158 Mo. 477

NORTONI, J.—This is a suit for damages under the wrongful death statute. Plaintiff recovered and defendant prosecutes the appeal.

It appears plaintiff's husband was a passenger on defendant's train en route from Wichita, Kansas, to Crocker, Missouri, and came to his death by falling through the door of an open vestibule on the car in which he was riding. The principal argument on appeal relates to the sufficiency of the proof made with respect to the negligence of the defendant and the proximate cause of the injuries. The relevant facts pertaining to these matters are that plaintiff's husband in company with his companion, Dixon, took passage on defendant's passenger train at Wichita, Kansas, about 1:30 in the afternoon, for Crocker, Missouri. The two passengers rode together in a seat of the smoking car all of the afternoon and until immediately before plaintiff's husband fell from the train about three miles west of Pierce City, Missouri.

Deceased fell from the train somewhere about 9:30 o'clock at night. It is in evidence that plaintiff's husband and Dixon were riding together in the seat on the north side and at the west end of the smoker when about nine o'clock Dixon removed therefrom to seats immediately across the aisle and went to sleep. No one saw plaintiff's husband fall from the train. At the time Dixon fell asleep, it seems deceased had lain down in the seats theretofore occupied by both, for the same purpose, but he evidently went out of the car soon thereafter, for it appears he was found unconscious by the roadside about three miles west of Pierce City and it is to be inferred from the testimony the train was not far west of that place at the time Dixon fell asleep. The train was vestibuled throughout but there is evidence tending to prove the vestibule door on the smoking car in which plaintiff's husband was riding had been standing open for a considerable time and that in some manner he fell through the same to the roadside below.

The law is now well settled to the effect that while railroad companies are under no obligation to provide vestibuled trains for their passengers, if they do so, it is their duty to exercise high care toward maintaining them in a reasonably safe condition. It is said the purpose of vestibuled cars is to add to the comfort, convenience and safety of passengers, more particularly while passing from one car to another, and the presence of such an appliance on a train operates to suggest to the passenger that the company has provided him a safe means of passing to and fro on the cars and an invitation as well to use it as convenience or necessity may require. Among other things, the law devolves upon the defendant the duty of exercising high care to keep the doors of such vestibules closed and the traps on the platform in place while the train is passing over the road, and a passenger, without knowledge to the contrary, may conduct himself as though defendant had performed the full measure of its obligation in this behalf. [Wagoner v. Wabash R. Co., 118 Mo. App. 239, 94 S. W. 293; Bronson v. Oaks, 76 Fed. 734, s. c. 22 C. C. A. 520; Crandall v. Minneapolis, etc., R. Co., 96 Minn. 434; St. L., I. M. & S. R. Co. v. Oliver (Ark.), 123 S. W. 662; 2 Shearman and Redfield on Negligence (5 Ed.), sec. 524; Elliott on Railroads (2 Ed.), sec. 1589a.]

But it is said there is no evidence that the vestibule door was open. The proof on this question is as follows: Dixon testified that he noticed the vestibule door was open at the time the train left Wichita, Kansas, about 1:30 in the afternoon, and he noticed it was open immediately after leaving Pierce City, which was three miles east of the point at which the deceased was found injured by the side of the railroad. The last stop made by the train prior to the time plaintiff's husband fell therefrom was at Carthage, about twenty miles west from the point where the injury was received. From Carthage the train proceeded to Pierce City without a stop at the rate of about twenty-five miles an hour. De-

fendant's depot at Carthage is on the south side of the track and the vestibule door on the south side of the smoker was seen to be open on leaving that place. When plaintiff's husband was discovered about daylight the following morning, he was lying on his back in an unconscious condition much bruised about the head and shoulder as though he had been hurled from the train. It is said that his head was lying to the south and his feet toward the railroad about eight or ten feet from the railroad embankment which appears to have been about four or five feet high.  He never regained consciousness so as to recite the facts with respect to his injuries.

Dixon awoke at Pierce City and the absence of the deceased was noticed by him about the time the train was leaving that station for Monett.  Pierce City is three miles east of the point where deceased was found at the side of the track the following morning. Upon Dixon's making a search through the train for plaintiff's husband, he discovered the vestibule doors on the smoker to be open and they so continued until the train reached Monett, at which town he departed therefrom for the purpose of giving attention to the absence of deceased.  The fact that Dixon found deceased's hat and bundle of clothes in the car suggested some injury might have befallen him and he quit the train at Monett to ascertain his whereabouts.

There is no evidence whatever to the effect that the vestibule doors were closed while the train progressed from Carthage to Pierce City.  The conductor said he could not testify they were closed, but he supposed the porter had performed his duty and closed them after leaving each station.  The porter referred to was not introduced as a witness in the case by either party, however; as to him, the conductor testified that he had quit the company's service about three weeks before and he last saw him in Kansas.

It is shown the deceased was a strong, healthy man

of about thirty-six years of age and of industrious habits. In a word, nothing in the proof indicates anything to suggest self-destruction. We are not at all impressed with the argument that there is no evidence from which the jury could find the door of the vestibule was open and that defendant was negligent in permitting it to so remain while the train was passing from Carthage to Pierce City, for, besides positive proof that the door was observed to be open on leaving both Wichita, Kansas, and Carthage, Missouri, no one says it was closed thereafter. Furthermore, the conductor practically conceded they were open when he noticed them three hundred yards west of the station at Pierce City, and that they remained open from Pierce City to Monett is conceded. The porter whose duty it was to close the doors of the vestibule upon leaving each station, it is true, was no longer in defendant's service, but nevertheless it was shown by the conductor that he was in its service to within three weeks before the trial.

This suit was instituted December 2, 1907, and was finally tried on November 10, 1908. The porter whose duty it was to see that the vestibule doors were closed certainly had some knowledge on the subject, and if the doors were closed, he, no doubt, would have testified to the fact. As he continued in defendant's service many months after the suit was filed and until within three weeks before the trial, it would seem that defendant should have taken his deposition, at least, to controvert the only allegation of negligence relied upon in the petition. Lord Mansfield once said that all evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other side to have contradicted. [Blatch v. Archer, 1 Cowper 63.] The fact that the porter whose duty it was to see that the doors of the vestibule were closed was not called upon to testify either at the trial or by deposition theretofore, at least raises a strong presumption to the effect that his testimony would not have been

favorable to defendant. [Linsley v. New York City R.
Co., 104 N. Y. Supp. 916; Hicks v. Nassau Electric R.
Co., 62 N. Y. Supp. 597; Schwier v. R. Co., 90 N. Y. 558,
564; Railway Co. v. Wall, 75 Ga. 282; Railway Co.
v. Darnell, 68 N. E. (Ind.) 609; Lawson on Presumptive
Evidence, 168, 169.] But wholly aside from any infer-
ence which the jury might have drawn from the fact that
defendant had not called its porter to testify either at
trial or by deposition while he continued in its employ,
we believe there is a sufficient showing in the proof to
afford a reasonable inference that defendant was neg-
ligent in respect of permitting the vestibule door to re-
main open. It appears to have been open twenty miles
beyond when the train departed from Carthage. No one
said it was closed thereafter. It stands conceded that
the doors were standing open while the train proceeded
from Pierce City, three miles east of the point of de-
ceased's injury, to Monett; and it is to be inferred from
the conductor's testimony they were open three hundred
yards west of the Pierce City depot.

The forward end of the smoking car in which deceased
was riding was partitioned off from that portion occu-
pied as a smoker. In other words, the smoking compart-
ment consisted of one-half the size of the car and there
was no means of exit from the smoker to the eastward.
The only possible means of egress from the smoking com-
partment for plaintiff's husband was through the door
at the west end of the car on to the platform where the
door of the vestibule appears to have been open since
the train proceeded from Carthage, twenty miles to the
eastward. The fact that plaintiff's husband was dis-
covered on the side of the railroad in an unconscious
condition with his head bruised and his shoulder much
disfigured of itself indicates that he must have passed
through the open vestibule door, for the proof presents
no other reasonable theory pointing to the conceded fact
that by some means he reached the roadside while the
train was progressing at twenty-five miles per hour. But

it is said though it appears plaintiff's husband must have passed through the open vestibule to his injuries, the proof does not enforce the conclusion that his injuries resulted from defendant's negligence and is not any more consistent with its negligence as the cause of the injury than with the absence of it. This argument in a measure concedes defendant was negligent in permitting the vestibule door to be open and relates more particularly to the proximate cause of the injuries which resulted in the death of Johnston. It suggests that though defendant was negligent, no causal connection sufficiently appears between its negligence and the injury. The argument will be noticed with this thought in mind. It must be conceded that no one saw plaintiff's husband in the vestibule or about the doorway but, on the contrary, he was last seen in the car while lying in his seat immediately adjacent to the door of the smoker and, we infer, about six or eight feet from the open door of the vestibule. We believe it to be true in those cases where the inference of negligence from other facts in the case is relied upon, such inference must be more consistent with the negligence of defendant as the cause of the injury than with some cause for which it is not responsible. But it need not be inconsistent with any other hypothesis. [1 Shearman and Redfield on Negligence (5 Ed.), secs. 57, 58.] It is not essential, even to prove that defendant's negligence is the proximate cause of the injury, to produce eyewitnesses in every instance. Indeed, facts and circumstances surrounding the situation are sufficient for the purpose if they fairly suggest the defendant's negligence operated proximately to produce the hurt and afford a reasonable inference to that effect in accordance with the known experience of men touching matters of like import so as to indicate the result as a reasonable probability. [1 Shearman and Redfield on Negligence (5 Ed.), secs. 57, 58; Buesching v. Gaslight Co., 73 Mo. 219; Yongue v. St. L. & S. F. R. Co., 133 Mo. App. 141, 112

S. W. 985; Schultz v. Moon, 33 Mo. App. 329; Choctaw, Okla., etc., R. Co. v. McDade, 191 U. S. 64; Settle v. St. Louis & S. F. R. Co., 127 Mo. 336, 30 S. W. 125.] The matter for immediate consideration is what inference the jury were warranted in drawing as the proximate cause from the facts and circumstances in proof. The fact of defendant's negligence being conceded for the purpose of the argument and the only question for consideration relating as it does to whether or not such negligence operated proximately to produce the injury, it was certainly competent for the jury to proceed in accordance with those well known precepts which reside in every consciousness as the result of constant inculcation by the experiences of life. It is true enough the jury may not resort to guesswork and conjecture in determining whether or not the negligence alleged was the proximate cause of the injury. [Henry v. St. L., K. C., etc., R. Co., 76 Mo. 288; 1 Shearman and Redfield on Negligence (5 Ed.), sec. 57.] But to reckon with facts and circumstances in the light of human experience is to deduce therefrom such conclusions as common sense and sound reason dictate according to the affairs of life. Indeed, in all questions touching the conduct of men, motives, feelings and natural instincts are allowed to have their weight and to constitute evidence for the consideration of courts and juries. [Allen v. Willard, 57 Pa. St. 374, 380; Meadows v. Life Ins. Co., 129 Mo. 76, 31 S. W. 578.]

To view the relevant facts as to this matter, it appears plaintiff's husband was a young man thirty-six years of age, possessed of a vigorous constitution, sound health and in good spirits. He was en route home to his family after an absence of several weeks and no circumstance indicates that he was in the least inclined to self-destruction. It is obvious to one and all alike that he came to his injury and consequent death by being hurled from the car through the open vestibule door. This fact is ascertained and settled beyond peradventure. It is said by courts of first importance the

suggestion that one circumstanced as deceased would commit suicide is so highly improbable as to be unreasonable and that the natural instinct which leads men in their sober senses to avoid injury and preserve life is of itself an element of evidence to the contrary. [Allen v. Willard, 57 Pa. St. 374; Meadows v. Life Ins. Co., 129 Mo. 76, 93, 31 S. W. 578.]   There is no presumption of suicide.   [Buesching v. Gas Light Co., 73 Mo. 219.] But it is said, putting aside the question of self-destruction, it no more appears defendant's negligence in permitting the vestibule door to remain open was the proximate cause of the injury than that it does plaintiff's husband was precipitated through the door because of his own careless conduct.  This argument is predicated on the fact that one of plaintiff's witnesses, who was conductor of the train, testified the vestibule was well lighted.  Defendant argues from this as though such is an established fact in the case that, as the vestibule was well lighted, the inference deceased was negligent in walking into the open platform and falling through the door is just as reasonable as is one that he fell through the same because of defendant's negligence and the jury, therefore, must have resorted to conjecture and guesswork in determining the true cause of the injury.  This argument must be examined in connection with other testimony for the plaintiff which goes to the effect that the vestibule was wholly unlighted. Dixon says positively that while the car was dimly lighted, the vestibule was dark.   Indeed, he says the platform was so dark he could not see it, and therefore, felt with his hands to ascertain the true situation.  In determining the validity of the argument advanced, it is the duty of the court to accord plaintiff the most favorable view of the testimony for her touching any material matter. It is, therefore, entirely clear that we are not permitted to accept defendant's theory that the platform was well lighted and that deceased must for that reason necessarily have been negligent in some measure in falling through the

door. In so far as the particular argument now under consideration is concerned, the case must be treated as though it was dark in the vestibule and the deceased did not know of the open door, for unless it appears that he had knowledge to the contrary or could have seen the true condition, he was authorized to assume defendant had performed its duty in maintaining closed doors. Aside from the conflicting testimony referred to about the lights in the vestibule, the case is wholly devoid of evidence tending to prove any negligence whatever on the part of the deceased. It is conclusively presumed in the law, unless the contrary is made to appear, that every person conducts himself with ordinary care. for his own safety. In the circumstances of the particular feature of the case now under consideration, plaintiff's husband must be declared to have been exercising ordinary care on his part at the time of his injury, and it was competent for the jury to so treat with the matter in determining the proximate cause of the injury, for the rule proceeds in accord with the usual experiences of life. [Buesching v. Gas Light Co., 73 Mo. 219.] It thus appears when the facts and circumstances shown in evidence are considered in accordance with common experience they suggest that plaintiff's husband did not purposely hurl himself to destruction, but instead fell through the open door without fault on his part. And in this view, the only reasonably probable theory is that defendant's negligence was the proximate cause of the injury.

Plaintiff's third instruction was as follows:

"The court instructs the jury that in assessing plaintiff's damages (if you find the issues for her) you may take into consideration the age of deceased, his probable expectancy of life, his occupation, his ability to labor and his accustomed earnings prior to his death." The actuary of the state insurance department gave testimony concerning the expectancy of the life of de-

150 App.—21

ceased and there was other evidence to the effect that he was aged thirty-six years, strong, vigorous and industrious. His occupation was shown to be that of a farmer and his accustomed earnings to be $2.50 per day. There can be no doubt that such are competent elements of damages in a case of this character and we see no objection to the instruction on that score. [Louisville, Evansville, etc., R. Co. v. Clarke, 152 U. S. 230.] But the instruction is assailed for the reason it does not inform the jury that the measure of damages the plaintiff was entitled to recover was such as would reasonably compensate her for the loss suffered because of her husband's death. It is to be noted, however, in this connection that this instruction does not say that the jury might allow plaintiff such a sum as would be equal to her husband's probable earnings. Indeed, in so far as this instruction is concerned, it does no more than direct the jury to certain elements of damage which it was competent for them to consider without saying that the whole amount might be awarded to plaintiff. Instruction number 2 for plaintiff directed that the jury might allow her not less than two thousand dollars and not exceeding ten thousand dollars, as it believed from the evidence would fairly and reasonably compensate her for the death and loss of her husband. The two instructions when considered together are certainly sufficient; for by one the jury was directed in plain terms that plaintiff could be awarded only such sum as would fairly and reasonably compensate her on account of the loss of her husband and by the other they were merely informed that the elements of damage therein referred to might be properly considered. The second instruction mentioned operates of course as a limitation upon the third and they are not erroneous in their general scope. If defendant desired further limitations with respect to this matter, it should have requested the court to that effect. [Browning v. Wabash, etc., R. Co., 124 Mo. 55, 71, 72, 27 S. W. 644.]

For plaintiff the court instructed, among other things, as follows:

"The jurors are instructed that before they can find a verdict for the plaintiff, they must find from the evidence that defendant's negligence in leaving open the vestibule door of the car (if such was the fact) through which deceased is alleged to have fallen and thereby been injured, was the proximate cause of his said injuries and consequent death. If the fall and the consequent death of deceased was the natural and probable result of defendant's said alleged negligence and said injuries would not have been received by plaintiff but for said negligence, then said negligence was the proximate cause of the injury to deceased and his consequent death."

This instruction is assailed by defendant for the reason it is said that by directing the jury if decedent fell through the open door to his injury, then such open door was the proximate cause of his injury, notwithstanding decedent may have been negligent himself. This argument proceeds from the fact that the conductor testified that there were lights burning in the vestibule and that such indicated negligence on the part of decedent if he fell through the door in a lighted vestibule. The mere fact that an instruction authorizing a recovery for plaintiff omits to require the jury to find decedent was not negligent for his own safety is not error, provided that question is properly submitted in other instructions. The instructions must all be read together before condemning one for this omission. [Owens v. K. C., etc., R. Co., 95 Mo. 169, 8 S. W. 350; Hughes v. C. & A. R. Co., 127 Mo. 447, 30 S. W. 127; Lange v. Mo. Pac. R. Co., 208 Mo. 458, 106 S. W. 660; Meily v. St. L. & S. F. R. Co., 215 Mo. 567, 114 S. W. 1013.] This question pertaining to the lights in the vestibule and decedent's contributory negligence thereunder was submitted to the jury for defendant in the following instruction:

"Gentlemen of the Jury: You are instructed that

although you may believe from the evidence that the train on which plaintiff's deceased husband was riding was a vestibule train, and that the vestibule doors of same were open at the time of the accident; yet if there was a light or lights in said vestibule of sufficient power to enable deceased, by the exercise of ordinary care, to see that said doors were open, and further that the danger thereof, if any, was apparent to him, then plaintiff cannot recover, although you may further find from the evidence that deceased fell through said open vestibule door."

This instruction was more favorable to defendant than the law warrants, for it directed the jury in substance if there was a light in the vestibule sufficient and the danger was apparent, as of course it was in those circumstances, then plaintiff could not recover. The mere fact that the danger of falling through an open door in a lighted vestibule is apparent or that he knew of the danger is not of itself sufficient to authorize a verdict for defendant on the score of contributory negligence unless deceased omitted to conduct himself thereabout with that degree of care usually exercised by an ordinarily prudent person in the same circumstances. [Huhn v. Mo. Pac. R. Co., 92 Mo. 440, 4 S. W. 937; Beauvais v. St. Louis, 169 Mo. 500, 69 S. W. 1043.] However this may be, defendant's instruction, above copied, pointedly informed the jury that if there were lights in the vestibule and the danger was obvious, then plaintiff could not recover, and it was given full benefit of the testimony as to such light. The verdict for plaintiff affirms that the jury accepted the evidence of Dixon who said the vestibule was entirely dark. And if such were the fact, then beyond question defendant's negligence in permitting the door to remain open was the proximate cause of the injury.

We have examined the other matters mentioned in the brief but do not regard them of sufficient importance

State ex rel. v. Homer.

to merit discussion in the opinion. We discover no reversible error. The judgment of three thousand dollars seems to be moderate and it should be affirmed. It is so ordered. All concur.