MORGAN PANNELL et al., Respondents, v. MRS. M. C. ALLEN, Appellant.

Springfield Court of Appeals, January 8, 1912.

1. **EVIDENCE: Master and Servant: Admission of Servant.** In an action for damages for injury to a mare, caused by being struck by an automobile owned by the defendant, it was held error to permit plaintiff's witness to testify that the driver of the automobile made statements to the effect that the defendant was willing to pay the damage; for the driver of the machine was not *ipso facto* the agent of defendant to settle for damages caused by his carelessness.

2. **DAMAGES: Pleading: Special Damages.** Damages which ordinarily result as a consequence of the tortuous act alleged against the defendant may be shown under a general allegation of damages. But special damages, that is, all such damages as may have resulted from the injury but are not as a matter of law implied from it, must be pleaded and proved.

3. ——: ——: ——: **Injury to Horse: Disposition to Scare.** In an action for injury to a mare caused by being struck by an automobile, if the injury complained of extended to and affected the nervous system of the mare, it was *held* competent to show this under the general allegations of damages. But a mere disposition upon the part of the mare to scare, disconnected from physical injury inflicted should have been specially pleaded before it could be considered as a proper element of damages.

4. **AUTOMOBILES: Rate of Speed: Turning Corner: Obstructed View: Negligence.** The violation of section 8519, Revised Statutes 1909, regulating the speed of automobiles, cannot be made the basis of recovery on the ground that defendant was negligent in turning the corner at the intersection or curve of a road at a greater rate of speed than six miles per hour and collided with and injured plaintiff's mare, unless it is alleged and proved that the view at the corner was obstructed.

5. **DAMAGES: Injury to Animal: Measure of Damages.** The measure of damages for an injury to an animal is the difference in the value of the animal immediately before and after the injury and the jury should be told so in plain terms and not be permitted to go by their own views as to what would be necessary to compensate the owner for the injury.

Appeal from Barry Circuit Court.—*Hon. Carr McNatt*, Judge.

REVERSED AND REMANDED.

*J. S. Davis* and *H. A. Gardner* for appellant.

(1) The court erred in admitting evidence that the mare was injured as a race mare, when the petition did not charge damages of that kind. This being the nature of special damages, absent such charge in the petition, this evidence was not admissible. Cook v. Clary, 48 Mo. App. 166; Krueger v. Railroad, 94 Mo. App. 458; Brown v. Railroad, 80 Mo. 457. (2) It

was error for plaintiff to prove and introduce evidence of the value of the mare as a race mare; for that was not alleged in the petition. Damage for such value was certainly a sort of special damages and consequently must in some wise be counted upon in the petition to constitute a basis for evidence on the question. Jesse v. Shuck, 12 S. W. (Ky.) 304; Gumb v. Railroad, 114 N. Y. 411; State v. Blackman, 51 Mo. 319; O'Leary v. Rowan, 31 Mo. 117. (3) One act of negligence predicated in instruction No. 1, was in these words, "Or negligently ran and operated said automobile at a greater rate of speed than six miles per hour, while turning the corner at the intersection of said road. So it is evident that if the jury believed defendant turned the curve in the road at a greater rate than six miles an hour, regardless of what kind of curve it was, if they followed this instruction, they found for plaintiff on this charge. Instructions should be confined to the issues made by the pleadings. Noble v. Blount, 77 Mo. 242; Kennedy v. Klein, 19 Mo. App. 15. (4) An instruction under a petition of that kind and evidence to sustain it, should be so worded as to leave it to the jury to find that at the corner the view was obstructed; because it is reversible error for the court to assume in an instruction to the jury a material fact that should be proved. Dowling v. Allen & Co., 88 Mo. 293; Bank v. Crandall, 87 Mo. 208; Kenney v. Railroad, 74 Mo. App. 301; Brown v. Railroad, 80 Mo. 457; Eckhard v. Railroad, 190 Mo. 593; Berry v. Railroad, 124 Mo. 223; Marshall v. Schriker, 63 Mo. 308; Railroad v. Ives, 144 U. S. 408. (5) It is reversible error to permit witness, Morgan Pannell, to testify over defendant's objection that Black, immediately after the accident, told witness defendant was willing to pay the damages. Black was merely driving defendant's car at the time of the accident and that was the extent of his authority—to manage and drive her car. Lbr. Co. v. Kreeger, 52 Mo. App. 418; Tuggle

v. Railroad, 62 Mo. 425; Bank v. Froman, 129 Mo. 427; Lackey v. Schreiber, 17 Mo. 146; Mechem on Agency, secs. 714 et seq.; Helm v. Railroad, 98 Mo. App. 419.

*Sizer & Kemp* for respondent.

(1) Appellant first strikes at the petition as being insufficient in that it contains no allegation that the intersection of the roads is at a place where the view is obstructed. There was no demurrer to the petition and no motion to compel more particular specifications, therefore this objection to petition comes too late, especially after verdict. Norman v. Sheip, 142 Mo. App. 138; Nowell v. Mode, 132 Mo. App. 232; Cobb v. Railroad, 149 Mo. 143; Shelton v. Horell, 232 Mo. 368; Bank v. Ins. Co., 106 Mo. App. 114; Robinson v. Ins. Co., 105 Mo. App. 567; Straus v. Transit Co., 102 Mo. App. 644. (2) If defendant desired a more specific instruction on measure of damages, she should have requested such instructions and having failed to do so, the theory of plaintiff will be sustained if the instruction on the measure of damage is correct as far as it goes and having pleaded damages to race mare and instructions having embodied that theory, this court will affirm on that theory. Childers v. Car Co., 126 S. W. 176; Griesman v. Car Co., 173 Mo. 654; Ogan v. Railroad, 126 S. W. 193. (3) Appellant complains of the admission of the statement of Black, that she was willing to pay the damages. This was not objected to, only after it was in and then the objection came after another question had been asked. No proper objection was made to the answer before it was given and no motion to strike out, hence this point is without force. Murphy v. Car Co., 125 Mo. App. 278; Lent v. Car Co., 123 Mo. App. 501; Martin v. Black, 24 Mo. App. 61; Foster v. Railroad, 115 Mo. 183; State v. Hope, 100 Mo. 347; Simple v. Railroad, 152 Mo. App. 30; Osborn v. Railroad, 144 Mo. App. 122; State v. Piles, 206 Mo. 626.

COX, J,—Action for damages for injury to a mare caused by being struck by an automobile owned by defendant. Trial by jury. Verdict for plaintiff for $150 and defendant has appealed. Defendant, in company with two other persons and a driver of the machine was passing north on the Cassville & McDowell road in Barry county in an automobile and soon after turning a corner and starting eastward met Morgan Pannell, one of plaintiffs, riding one horse and leading another and in passing, the animal being led and the automobile collided resulting in injury to both the animal and the auto.

The plaintiffs allege the injury was the result of the negligence of the driver of the auto and after making a general allegation, "That the same was run at a high rate of speed around said curve and intersection and was negligently and carelessly run at and against and upon said race mare of the plaintiffs thereby seriously and permanently injuring said mare," proceeds to allege six specific acts of negligence among which is the following:

"That the defendant, her agents or her servants in charge of said automobile at the time and before said collision was carelessly and negligently running said automobile at a greater rate of speed than six miles per hour." The defendant, answering, filed a general denial and plea of contributory negligence, then a counterclaim asking damages for the injury caused to the automobile by the collision. The finding was for plaintiff on the counterclaim as well as on the general issue.

The errors assigned relate to the admission of testimony and giving of instructions for plaintiff.

Mr. Pannell, one of plaintiffs, was permitted to testify to some statements made by the driver of the automobile to the effect that the defendant was willing to pay the damages. This evidence was admitted on the theory that the driver was the agent of defend-

ant. This was error. His position as driver of the machine did not, *ipso facto*, constitute him the agent of defendant to settle for damages caused by his carelessness in running the machine.

Objection was next made to plaintiffs showing that the animal injured was a race mare and a good driving animal and that the injury had incapacitated her for both. The objection was that this was proving special damages which were not pleaded. The rule is that all damages which ordinarily result as a consequence of the tortious act alleged against the defendant may be shown under a general allegation of damage but special damages, that is, all such damages as may have resulted from the injury but are not, as a matter of law, implied from it must be pleaded and proved. [O'Leary v. Rowan, 31 Mo. 117; State v. Blackman, 51 Mo. 319; Brown v. Railroad, 99 Mo. 310, 12 S. W. 655; Mellor v. Railroad, 105 Mo. 455, 16 S. W. 849; Nicholson v. Rogers, 129 Mo. 136, 31 S. W. 260; Fledderman v. Transit Co., 134 Mo. App. 199, 113 S. W. 1143; Moore v. Transit Co., 226 Mo. 689, 126 S. W. 1013.]

This testimony in so far as it went to show the extent of the injury was competent. That is, it was competent to show that by reason of the injury she was made lame or otherwise physically incapacitated to be used as a racing or driving animal but it was not competent under a general allegation of damages to show that by reason of the collision the animal had since developed a disposition to scare easily unless it were also shown that this disposition to scare was the direct result of the injury to the nervous system of the animal caused by the collision. It was competent to show the extent of the physical injury and if that injury extended to and affected the nervous system, it was competent to show it under the general allegation but a mere disposition to scare disconnected from the physical injury inflicted was not a proper element of damages

unless it had been specially pleaded. Evidence of nervousness and excitability would be competent as tending to show an injury to the nervous system—these things being symptoms attending nervous derangement; but the great uncertainty attending an investigation of this character should suggest to the pleader who may desire to enter that field of investigation to make his allegations specific in that regard. In the final analysis it all goes to the question of the value of the animal after the injury and all matters affecting that value which are not the usual and ordinary results of the specific injury complained of should be specially pleaded to the end that the defendant may be informed what issues he is expected to meet.

Instruction No. 3 given on behalf of plaintiff is as follows:

"It was the duty of the defendant to know the law and the legal rate at which she could operate and run her automobile upon the highways of Barry county. And under the law the defendant had no right to run the automobile while turning the corner at the intersection or curve of said road at a greater rate of speed than six miles per hour. And this she was conclusively presumed to have known. And if the jury believe from the evidence that the defendant ran the automobile at a greater rate of speed than six miles per hour while turning the corner at the intersection of said road at the time of said injury, and that said excessive rate of speed was the direct cause of said injury, if any, whether she knew the same was in violation of the law or not, then this constituted and was negligence as a matter of law."

The objection to this instruction is that it omits the fact that to come within the statute regulating the speed of automobiles in passing around a corner or curve in a road the view must be obstructed. The statute, Sec. 8519, Stat. 1909, in so far as it affects this question is as follows: ". . . . . and when turn-

ing a corner of intersecting roads or streets, or when traversing a curve or turn in the road or street, where the view is obstructed, the speed shall not be greater than six miles an hour.'' The position of plaintiffs is that the instruction is correct for the reason that the inhibition of the statute against running faster than six miles an hour applies to all corners and the qualification that it shall only apply when the view is obstructed is limited to curves and turns in the road. We do not think so. It is clear to us from the grammatical construction of the statute alone that it applies to all alike. Looking to the reason for the statute it is conclusive that it must apply to all. The purpose of the statute is to prevent a person driving an automobile from going around a curve or turn or corner in a road where the view is obstructed at a rate of speed so fast that if he should, on passing around the corner or curve, suddenly discover that he was about to meet some one he could not stop in time to avoid a collision. A person driving an auto not faster than six miles an hour could stop in a very short distance and the Legislature has set this as the limit of speed permissible in approaching a corner or curve where he cannot see what is ahead. There would be no more reason for requiring a slow rate of speed at a corner where the view is unobstructed than at a curve or a straight road. If the view is open and unobstructed a person can then see whether or not he is likely to meet some one at or near the corner or curve and if no one is approaching, there could be no reason for requiring a person to slow down to six miles an hour, for there would be no danger to guard against. If some one is approaching and the view is unobstructed he can be seen and it will then be the duty of the driver of the auto to take whatever precaution is necessary under the circumstances. If his machine is not easily managed or is likely to skid or become unmanageable

160 App.—46

in any way or should the character of the ground require it, it might be necessary to run slower than six miles per hour in order to pass safely; but if the view is open so the actual condition may be seen and there is nothing in the character of the ground or other circumstances to prevent a perfect control of the machine at a higher rate of speed than six miles an hour, we can see no reason why that rate should be arbitrarily imposed when here may be no necessity for it. If the view is unobstructed, the actual conditions are, or should be, known to the driver of the machine and he must govern himself by those conditions and the statute does not apply; but if the view is obstructed then the statute fixes the limit at six miles an hour and to run at a greater rate than that at such a place would be negligence *per se*. The condition of the road or want of ability to manage the machine might require a slower rate but under no circumstances can he run at a higher rate than six miles at a corner if the view is obstructed. The petition did not allege that the view at the corner was obstructed, hence, a violation of the statute could not be made the basis of recovery. The instruction above set out should not have been given.

Since the case is to be retried, we call attention to the measure of damages in case plaintiff should again recover. The jury were told in the instructions that if they found for plaintiffs, they would assess their damages at such sum as would reasonably compensate them for the injury. The measure of damages for an injury to an animal is the difference in value of the animal immediately before and after the injury and the jury should be told so in plain terms and not left to go by their own views as to what would be necessary to compensate the plaintiffs for the injury to the animal. For the errors indicated, judgment will be reversed and cause remanded. All concur.