## W. G. MACKEY, Respondent, v. QUEEN CITY WOOD WORKS and LUMBER COMPANY, Appellant.

In the Springfield Court of Appeals, February 27, 1924.

1. **TRIAL: Instruction Held not to Give Jury Roving Commission.** In action for injuries, instruction *held* not to give jury a roving commission, as allowing jurors to consider more elements of damage than proven.

2. **DAMAGES: Plaintiff held Entitled to Show Pain Suffered in Performing Duties, Though not Claiming for Loss of Time.** In action for injuries to city employee, the fact that plaintiff did not ask damages for loss of time and suffered no loss of salary, did not preclude him from offering evidence of pain and inconvenience suffered in performing his duties by reason of the injury complained of.

3. ————: **Instruction Held to Relate to Negligence and not to State Measure of Damages.** In action for injuries sustained from being struck by defendant's truck when it suddenly turned into plaintiff without a signal being given as required by ordinance, instruction *held* not to state rule for measuring damages, but submitted defendant's alleged negligence in failing to give the signal and plaintiff's negligence.

4. **TRIAL: Failure of Instruction to Incorporate Last Clear Chance Doctrine Held not Error, Plaintiff Having Abandoned it, and Evidence not Supporting it.** In action for injuries to plaintiff bicycle rider struck by defendant's truck when the latter abruptly turned into plaintiff without a signal from driver before making turn as required by ordinance, an instruction which required jury to find plaintiff exercised ordinary care for his own safety *held* not erroneous for failure to incorporate a finding that defendant's driver failed to use all means at hand to stop, where plaintiff abandoned last clear chance doctrine and there was no evidence to support it.

5. ———: Instruction Held Properly to Submit Plaintiff's Contributory Negligence. In action for injuries, an instruction which required jury to find, not only that defendant was negligent, but that injury resulted directly from defendant's alleged negligent act, *held* properly to submit plaintiff's contributory negligence; there being no controversy that defendant's truck struck plaintiff.

6. APPEAL AND ERROR: Instruction as to Failure to Give Signal Held not Prejudicial. In action for injuries to ,plaintiff bicycle rider struck by defendant's truck when the latter turned abruptly into him without signal having been given as required by ordinance, instruction that, if defendant's driver turned without previously indicating the direction of the turn by signal with his hand "at the time" the truck struck plaintiff; *held*, not prejudicial, though subject to criticism; "at the time" being used as found in ordinance and in the same sense as "on the occasion."

7. ———: Erroneous Item of Damage Included in Instruction Held Cured by Remittitur. In action for injuries received while riding a bicyle, error in an instruction on the measure of damages, which included the item of damages for the bicycle, *held* cured by a remittitur of $25, which was the full amount claimed in the evidence that bicycle was worth.

8. ———: Reception of Admissions of Driver After Accident as Res Gestae Held not Prejudicial. In action for injuries to plaintiff when defendant's truck struck him when it turned abruptly into him without a signal having been given by the driver as required by ordinance, admitting as *res gestae* admissions by defendant's driver after the accident, *held* not prejudicial, where the case went to the jury upon the issues whether the signal was given and whether plaintiff was negligent.

Appeal from the Circuit Court of Greene County.—*Hon. Guy D. Kirby,* Judge.

Affirmed.

*Hamlin & Hamlin* for appellant.

(1) It was improper to admit evidence as to trouble of plaintiff in climbing on scaffolds by reason of his injuries, etc., as he did not ask for damages for permanent injuries nor for loss of time. (2) The conversation testified to by plaintiff between the driver of

Mackey v. Wood Works and Lbr. Co.

the truck and himself was not part of the *res gestae* and should have been excluded. Pannell et al. v. Allen, 160 Mo. App. 714-18; Lee v. Railroad, 112 Mo. App. 372-409, and cases cited; Wagoner v. Wabash Ry. Co., 118 Mo. 239. (3) The court erred in giving plaintiff's instruction No. 1 because it gave a roving commission to the jury, and does not define the issues in the case. Boyd v. St. Louis Transit Co., 108 Mo. App. 304-6; Kohr v. Ry. Co., 117 Mo. App. 302-7; Allen v. St. Louis Transit Co., 183 Mo. 411. (4) The court should have set aside the verdict and granted defendant a new trial because the amount of the verdict was excessive. Duffey v. Kansas City Rys. Co., 217 S. W. 883.

*Dan M. Nee* and *H. T. Lincoln* for respondent.

(1) It was proper to show that plaintiff was unable to climb scaffolds after his injury, when it was shown that climbing scaffolds was part of his duties as Building Inspector. (2) The conversation between the plaintiff and the driver of the defendant's truck, at the time of the accident is admissible as part of the *res gestae.* Mining Company v. Fidelity and Casualty Co., 161 Mo. App. 199; McDermott v. Railway, 73 Mo. 516; Rogers v. McCune, 19 Mo. 569; Koenig v. Railway, 173 Mo. 698. (3) The verdict is not excessive and does not show passion and prejudice on the part of the jury against defendant. Roach v. Kansas City Ry. Co., 228 S. W. 520; Beall v. Kansas City Ry. Co., 228 S. W. 834; Link v. Ry. Co., 233 S. W. 834; Cook v. Globe Printing Co., 277 Mo. 471, 547; Dawson v. Ry. Co., 197 Mo. App. 169.

FARRINGTON, J.—The plaintiff recovered a judgment in the trial court on a petition alleging personal injuries sustained and damage to a bicycle occasioned by a collision with one of defendant's trucks on Campbell street in the city of Springfield, Mo. There were two grounds of negligence pleaded. First, violation of

a city ordinance requiring that a signal be given with the hand when a vehicle is to be turned in the street. The second ground, which was not submitted to the jury by instruction, was on the last chance doctrine.

It is not urged here that the plaintiff failed to make a case under the evidence. Errors go to the giving and refusal of instructions, admission of evidence, and excessive verdict. We will take them up in their order.

The facts proven to the satisfaction of the jury are that as plaintiff, who holds the position of City Building Inspector, was proceeding north on Campbell street riding a bicycle, near the east curb, he was struck by one of defendant's motor trucks which had turned abruptly from its southern course into a gateway leading into a lumber yard abutting the east side of Campbell street, and which yard was immediately north of defendant's yard. There is evidence to sustain a finding that no signal was given by the driver of the truck previous to making the turn, and that when he did make such turn the plaintiff had proceeded to a place where he was directly in front of the gate into which the truck was run, and seeing that the truck was about to strike him he turned east into the opening but was caught by the left front fender of the truck which became entangled with his bicycle dragging it and plaintiff to a point within the lumber yard, and then owing to the incline and insufficient brakes the truck backed down into the street dragging plaintiff and his bicycle. Plaintiff describes his personal injuries as follows:

"I got released as the wheel had passed over my leg. The bicycle was damaged so it was a total wreck. I had to be taken home and stayed there several days, and went on crutches for about seven weeks, I was at home about four days, part of the time I was confined to my bed and part of the time I sat up. I walked on crutches about seven weeks and then used a cane. I called Dr. Barnes when I was hurt, I was injured about the ankle, the skin was torn and the flesh was torn, it has healed, the leg is still bad and my hip hasn't the

proper feeling. Before I was hurt I traveled on a bicycle; since then I have been unable to do so because my foot wouldn't allow me, I can't bear my weight on it, I suffer pain every day, I don't suppose there is a minute that it doesn't bother me unless it is when I am asleep, in fact I can't walk around four blocks without it bothering me. The injury interfered with my work as a carpenter, I couldn't be on my foot all day without having pain.''

"Q. What effect did it have on climbing around on scaffolds?''

By Mr. Hamlin: "We object; that isn't pleaded, which objection is by the court overruled, to which ruling of the court the defendant then and there excepted at the time.''

"A. I would have to do climbing when I would go around to look after a job. The pain manifested itself from the center of the heel to the rear part of the leg, I can't describe the nature or feeling of the pain. I am fifty-three years old. I had to have a new bicycle, the old bicycle before it was injured was worth about twenty or twenty-five dollars—it wasn't worth having repaired.''

The principal objection urged by appellant is to the giving of plaintiff's instruction No. 1; it is as follows:

"The court instructs the jury that it is a violation of the ordinance of the City of Springfield to turn an automobile upon the streets of the city unless a plain signal is previously given by the hand or whip indicating the direction of the turn. Therefore if you find from the evidence that on the 16th day of August, 1921, W. G. Mackey was riding a bicycle north on Campbell avenue exercising ordinary care for his own safety, and if you find from the evidence that defendant by its agent, servant or employee was driving a motor truck south on Campbell Avenue at said time and turned from said Campbell Avenue without previously indicating the direction of the turn by signaling with his hand or whip at the time said motor truck struck the said W. G. Mackey and caused the injuries complained of, and if you find

216 M. A.—14

and believe from the evidence that the injuries of said W. G. Mackey resulted directly from the act of the defendant in so turning without so signaling, if you find it so, then your verdict must be for the plaintiff, not to exceed, however, the sum of twenty-five hundred ($2500) dollars."

The charge that this instruction gave the jury a roving commission does not strike us with much force. We have given plaintiff's evidence as to the injury. He further stated that to climb around on ladders and scaffolds, which his duties as inspector required, was painful. He sought no damage in the petition for loss of time nor was such loss incorporated in the instruction. Merely because he asked for no loss of time, and in fact received no loss of salary as a City employee, should not prevent him from showing that he suffered pain and inconvenience in performing his duties. The instruction which we have set out is not subject to the objection pointed out in the case of Allen v. St. Louis Transit Co., 183 Mo. 411, l. c. 432, 81 S. W. 1142, and other cases cited for it requires the jury to find that the driver of the truck failed to give the signal required by ordinance, and that such failure resulted in plaintiff's injury, before it could return a verdict in any amount. This instruction does not attempt to set a measure of damages hence appellant is in error when it asserts that it authorized the jury to consider all the things alleged in the petition as to his hurt and damage. The instruction did require the jury to find that plaintiff was in the exercise of ordinary care for his own safety, and the failure to incorporate a finding that this driver failed to use all the means at hand to stop was not error, for that would have been putting the case on the last chance doctrine, which charge was apparently abandoned by plaintiff in the trial because there is no evidence to support it, and for the same reason the court properly refused defendant's instruction No. 6. A correct instruction was given submitting the question of plaintiff's contributory negligence. We fail to grasp

the charge which appellant lodged against this instruction, that it told the jury that the injury was caused by defendant's negligence. As we read it, it required the jury not only to find that the defendant was negligent but further required the jury to find that such injury resulted directly from such act. There was no controversy about the fact that defendant's truck did strike plaintiff and his bicycle. Appellant puts a technical construction on this instruction when it asserts that it required the driver to be giving the signal just at the time or instant the truck struck plaintiff. On a reading of the entire instruction, it requires a signal previous to the turn, in the language of the ordinance, "at the time" as used in this instruction is in the same sense as "on the occasion." While the language is subject to criticism, we do not consider that it rises to the point of being prejudicial.

The appellant complained that it was error to include damages for the bicycle in instruction No. 5, which was on the measure of damages. This has been eliminated by a remittitur of $25 which was the full amount claimed in the evidence that it was worth.

Error is charged in that the trial court admitted evidence of a statement made by the defendant's truck driver, made immediately after the collision; that evidence was admitted as follows:

"By the Court: Don't tell anything the driver said except what he may have said immediately after the accident, if he said anything."

"A. After I got out from under the truck I immediately took my pencil and paper out and took the numbers, he asked me if I had the numbers and he said at the same time 'I had no business in that driveway.' "

The evidence showed that the entrance to the lumber yard where the collision occurred was just north of the entrance to defendant's yard, and it further showed that this was the first day that this driver had worked for defendant. From other evidence admitted it can be inferred that the driver intended going into defend-

ant's yard when he turned rather than through the gate in which he actually struck the plaintiff. Under the authorities cited it is a close question as to whether his statement was a part of the *res gestae,* appellant citing Pannell v. Allen, 160 Mo. App. 714, 718, 142 S. W. 482; Lee v. Railroad, 112 Mo. App. 372, l. c. 409, 87 S. W. 12; Wagoner v. Wabash Railroad Co., 118 Mo. App. 239, l. c. 245, 94 S. W. 293. Respondent citing Royle Mining Co. v. Fid. & Cas. Co., 161 Mo. App. 185, l. c. 199, 142 S. W. 438; Rogers v. McCune, 19 Mo. l. c. 569; McDermott v. Railway, 73 Mo. 516; Koenig v. Union Depot Ry. Co., 173 Mo. 698, 73 S. W. 637.

Without deciding whether the admission was proper as a part of the *res gestae,* we do decide that under the issues upon which the case went to the jury, which were whether the signal was given and whether the plaintiff was guilty of negligence, its admission became of no particular importance and hence in any event non-prejudicial.

While the amount allowed plaintiff does seem to be large, and while we would not be inclined to allow the amount on first impression if we were sitting as a trier of the fact, yet we cannot say under the plaintiff's testimony which we have set out, that the amount allowed is so excessive as to evidence that passion or prejudice controlled the jury in returning the verdict. Finding no reversible error, the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.