## PRATER et al. v. HOLBROOK.

### No. 4826.

Court of Civil Appeals of Texas. Beaumont.

Sept. 15, 1952.

Rehearing Denied Oct. 1, 1952.

548

Chilton Bryan, Houston, for appellant.

Campbell & Foreman, Livingston, for appellee.

R. L. MURRAY, Justice.

This is an appeal from a judgment in the district court of Polk County, overruling the plea of priviledge of John D. Prater, appellant in a suit for damages brought against him in Polk County by A. D. Holbrook, appellee. The suit arose out of an automobile collision between cars driven by the two parties. The collision occurred in Polk County, and appellee alleged that various acts of negligence on the part of appellant were crimes and active acts of trespass and that they were

the proximate causes of personal injuries to himself and damages to his automobile. The appellant filed his plea of privilege to be sued in the county of his residence, Titus County. The plea was duly controverted, and upon a hearing of that plea testimony was introduced, argument was had, and judgment rendered and entered overruling the plea. The hearing was had before the court without a jury, and the court filed, at the request of appellant, its findings of fact and conclusions of law. Appellant has perfected his appeal from that judgment.

The court's findings of fact and conclusions of law are as follows:

### Findings of Fact

(1) That the defendant, John D. Prater, operated the Buick car driven by him, on the occasion in question, and at the time of the collision of said Buick automobile with the car owned and operated by plaintiff, A. D. Holbrook, into the lane of the highway for south bound traffic, in an area where there were broken, or dashed stripes, on the defendant's, John D. Prater's side of the center line of the highway.

(2) That the defendant, John D. Prater, operated the Buick car, at the time and on the occasion in question, under the facts and circumstances, at an excessive rate of speed.

(3) That the defendant, John D. Prater, operated the Buick car, at the time and on the occasion in question, within a "no passing zone", as determined and marked by the State Highway Commission of the State of Texas on a portion of the highway where overtaking and passing was especially hazardous under the existing facts and circumstances.

(4) That the defendant, John D. Prater, at the time and on the occasion in question, drove the Buick car, then and there being operated by him, to his left side of the center of the roadway in an effort to overtake and pass another vehicle proceeding in the same direction, at a time when such left side was not free of on-coming traffic for sufficient distance ahead to permit such overtaking and pass-

ing to be completely made without interfering with the safe operation of the vehicle driven by plaintiff, A. D. Holbrook, approaching from the opposite direction.

(5) That the defendant, John D. Prater, failed to keep a proper lookout under the facts and circumstances for other vehicles using the highway.

(6) That the defendant, John D. Prater, failed to observe the broken, or dashed stripes, on his, John D. Prater's left side in the direction in which he was traveling, or on the east side of the center line of the highway in the direction in which defendant, John D. Prater, was traveling.

(7) That the plaintiff, A. D. Holbrook, was entirely off the paved portion of the highway, with all four wheels of his car on the east side thereof, when struck by the automobile operated by defendant, John D. Prater.

That said acts on the part of defendant, John D. Prater, constituted and were active acts of negligence, committed in Polk County, Texas; that by reason thereof, this Court has jurisdiction of said defendant and of this cause.

### Conclusions of Law.

The Court finds that this Court has jurisdiction of the defendant, John D. Prater, "under and by virtue of Section Nine (9), Article 1995 of the Revised Civil Statutes of the State of Texas. [Vernon's Ann.Civ.St. art. 1995, subd. 9]."

■ Appellant's first point is that the trial court's findings of fact Nos. 1 and 7 cannot individually or collectively form any basis for the judgment of said court because such findings are in irreconcilable conflict; such conflict being fatal and having the effect of canceling both of said findings. His argument under this point is that in the finding of fact No. 1 the court found that appellant operated his car on the occasion in question and *at the time of the collision* into the west lane of the highway and that in its 7th finding of fact the court found that appellee was entirely off the paved portion of the highway with all four wheels on the east side thereof, *when struck by the*

*automobile operated by ' Prater,* the appellant. He says there is a conflict between these two findings because it is readily apparent that both of these findings cannot be true, that if the collision took place west of the center line of the highway then it certainly could not have taken place entirely off the paved portion of the highway on the east side. We note that the court in its findings used the words "when struck by the automobile" in the 7th finding of fact and used the phrase "at the time of the collision" in the 1st finding of fact. These differently worded phrases do not necessarily refer to the same moment, that of impact of the two automobiles. The phrase "at the time of the collision" includes, in addition to the moment of impact, that period of time immediately preceding such impact in which the events took place which led up to and contributed to the actual impact of the two cars. "At the time" may signify a period of time as distinguished from a point of time. 7 C.J.S. p. 162; 4 Words & Phrases, p. 707 et seq.; Mackey v. Queen City Woodworks & Lbr. Co., 216 Mo.App. 205, 261 S.W. 132. With this meaning of "at the time" in mind it is seen that the two findings of fact are not inconsistent. It is possible that the appellant during that period of time immediately before the impact of the two cars turned his car into the west lane of the highway, which was his left-hand side, and thereafter turned to the right into the east lane and drove across the east lane to a point on the east side of the highway and off the concrete, where it struck the car of the appellee. We find no merit in this first point and it is overruled.

■ Appellant's 5th point is that the trial court erred in overruling the plea of privilege because (1) there is no finding that any of the acts of negligence as has been found by the trial court on the part of the appellant was a proximate cause of the collision in question and the injuries and damages allegedly sustained by appellee, and (2) there is no evidence on which to base an assumed finding that any of the acts of appellant as found by the trial court was a proximate cause of the collision in question and the injuries and damages allegedly sustained by appellee, and (3) the overwhelming weight and preponderance of the evidence shows that the acts of appellant as found by the trial court were not a proximate cause of the collision in question. The appellant has ably set forth in his brief under this point numerous authorities in support of the proposition that there can be no recovery in a suit based upon negligence of a defendant without a finding that his acts of negligence found in the case were a proximate cause of the plaintiff's injuries and damages. He extends this argument and attempts to apply it to the instant case, in which the question of venue was primarily the one before the court, wherein the issues were tried before the court sitting without a jury. Rule 299, T.R.C.P., provides as follows: "Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal." On the authority of the case of Cogdell v. Martin, Tex. Civ.App., 176 S.W.2d 982 we hold that since no request was made by the appellant for an additional finding by the trial court upon the question of proximate cause of the acts of negligence found by it, and since the findings were made by the court and not by a jury, we must presume the finding that such acts of negligence as were found by the trial court were proximate causes of the injuries and damages to the appellee. In that case the trial court found certain facts in an automobile-truck collision case, but his findings made no finding that any of the acts constituted negligence and made no

finding that any of them was a proximate cause of the damages and injuries suffered. The Appellate Court, in its opinion, points out that there is a clear distinction between the nature of presumptions that may ·be indulged in support of a judgment when the court tries the facts and when they are tried by a jury; that we may never indulge in presumption of facts to support a judgment involved in issues upon which a jury must pass, but the rule is different if the facts are to be determined ·by the trial court. It quotes from the opinion in West Texas Utilities Co. v. Haynes, Tex.Civ.App., 20 S.W.2d 236, 238, by Judge Hickman, as follows: "While, as insisted by appellant, the court did not state in its ·findings that the several acts described constituted negligence, yet the findings contained the elements of negligence and plainly imply a ·finding of negligence by the court, and this, we think, is sufficient to support the judgment." In the instant case the trial court found, after finding various facts set out in ·findings 1 to 7, inclusive, that said acts on the part of the appellant constituted and were ·acts of negligence, committed in Polk County, · Texas; that by reason thereof that court had jurisdiction of the appellant and of the cause. He further found in his conclusion of · law that ·the court had jurisdiction of the appellant Prater under and by virtue of Section 9, Art.· 1995 of the Revised Civil Statutes of Texas. All of these ·findings, taken together, · constitute an implied finding by the trial court that the acts of negligence found by it were ·proximate· causes of the injuries and damages sued for.

■ In regard to subsections 2 and 3 of the appellant's 5th point, we ·find from an examination of the statement of facts that there is sufficient evidence in the record to support the implied finding of proximate cause. If the appellant Prater did, as was found by the trial court in its findings of fact, while driving at an excessive rate of speed, cross over the broken or dashed stripes on his side of the center line of the highway while attempting to pass another car at a place on the high-

way where overtaking and passing was especially hazardous, and while the left side of highway was not free of on-coming traffic for a sufficient distance to permit such overtaking and passing to be completely made without interfering with the safe operation of a vehicle driven by appellee Holbrook, approaching from the opposite direction, then the appellant in the exercise of ordinary care ought to have foreseen that such an injury as that which occurred or one similar thereto would result therefrom. Such a result of such actions, when tested by the common experience of operators of motor vehicles, is not uncommon, and the highways of this State, as a matter of common knowledge, are strewn with wrecks of vehicles, the drivers of · which attempted to pass other cars without sufficient time or room to make such passing. These are matters of fact, however, which must be finally determined ·on the trial of the merits of the case. For the present hearing on the question of venue, we believe the evidence is sufficient to support the court's implied finding of proximate cause and his findings of negligence. Point 5 is overruled.

■ The appellant's second point is that the trial court's finding of fact No. 2, that the appellant operated his car at. an excessive rate of speed, is erroneous and that there is no evidence to support such finding, and that the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. He points out that in the cross-examination of the appellee, who was testifying in his own behalf, the witness testified that the matter of speed was just his guess at it and "was going fast" was all he could say. On direct examination, however, Mr. Holbrook testified that he had been a peace officer for about 25 years, that he was a deputy sheriff at the time of the accident, that he was driving along behind a van, making about 20 miles per hour and when he pulled out in an effort to pass the van he saw another car coming in the opposite direction toward him and then saw that Mr. Prater was coming in the opposite direction in an effort to pass

another car, which was also coming toward the witness, and that he then pulled his own car to the left off the concrete part of the highway; that he saw Mr. Prater's car and was in position to tell about what speed that his car was going and testified that it was going between 75 and 80 miles per hour and he, himself, was practically still when hit. We do not believe this testimony is simply a guess or conjecture but that it is an estimate based upon what the witness saw and upon experience he had had in the past in driving and watching cars being driven. Both Mr. and Mrs. Prater testified to the contrary and said that Mr. Prater, who was driving, was proceeding in a careful and leisurely manner, going not over 50 miles per hour. These controversies of factual issues cannot be determined on review in a venue case. If the finding were totally without support in the evidence, or if the whole volume of testimony in regard to the speed of Mr. Prater's car were so overwhelmingly in disagreement with the finding, then we might be authorized to set it aside. But such is not the case here and we believe there is sufficient evidence to support the trial court's finding and the point is overruled.

Appellant's third point says that findings of fact Nos. 5 and 6, to the effect that appellant failed to keep a proper lookout and that he failed to observe the broken or dashed stripes on his side of the highway, are not findings of active acts of negligence nor of crimes and therefore cannot serve as a basis for the court's judgment in overruling his plea of privilege. We believe that the appellant is correct in this contention on the authority of Barron v. James, 145 Tex. 283, 198 S.W.2d 256, and cases therein cited. The acts complained of and found by the trial court as failure to do certain things do not constitute active acts of negligence. Also, they are not defined as crimes in any article of our Penal Code. In view of our holding that the trial court's findings of excessive speed and of attempting to pass another car at a hazardous place, etc., are supported by the evidence, we do not believe there is any ground for reversal brought by this point. It is overruled.

By his 4th point, the appellant says that the trial court erred in his findings of fact Nos. 3 and 4, and says that such findings are so clearly contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust. We regard finding of fact No. 3, to the effect that appellant Prater operated his car within a "no passing" zone, as being merely an evidentiary finding. It does not find the commission of any act of negligence and cannot be relied upon by the appellee as a finding on which the judgment could be based.

Finding of fact No. 4, however, is to the effect that appellant drove his car to his left side of the center of the roadway in an effort to overtake and pass another vehicle at a time when such left side was not free of on-coming traffic, etc., is a finding of an act of active negligence, which is in support of the judgment of the trial court. The testimony of the appellee Holbrook on direct examination detailed just such a series of acts on the part of the appellant. Mr. and Mrs. Prater, however, testified to the contrary and if their testimony were taken as true, Mr. Prater had passed another car a mile or two before he reached the scene of the collision and he came back on the right-hand side and did not cross the center of the highway at any time up to the time of the accident; he also testified that Mr. Holbrook's car appeared suddenly from behind a large van which was approaching Mr. Prater from the opposite direction; that he had not seen Mr. Holbrook's car until it flashed out in front of him and that Mr. Holbrook's car came out from behind the van "too quick" for him to measure the time; that his car struck Mr. Holbrook's car on the pavement on Mr. Prater's right-hand side of the highway, on the concrete portion thereof. Manifestly this court on appeal cannot determine the credibility of witnesses. That is the function of the trial court. Mr. Holbrook's testimony is sufficient to support the finding of the trial court which is assailed, and this point must be overruled.

We find no error in the judgment and it is accordingly affirmed.